UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA BLACK,<br><br>    Plaintiff,<br><br>    v.<br><br>FARMERS INSURANCE, FARMERS INSURANCE EXCHANGE, a California Corporation, FARMERS GROUP, INC., and DOES 1-50, inclusive,<br><br>    Defendants. | No. 2:18-cv-02529-MCE-DB<br><br>**ORDER** |

Plaintiff Lisa Black ("Plaintiff") is an insurance adjuster employed by Defendants Farmers Insurance, Farmers Insurance Exchange, and Farmers Group, Inc. (collectively "Farmers"). Plaintiff claims she was discriminated against on the basis of her gender when she was demoted by Farmers in March 2013 after failing to pass a certification exam.

Plaintiff's initial lawsuit was filed in this Court on September 18, 2018 (ECF No. 1). The Complaint predicated federal jurisdiction on the presence of a federal question, since the first two causes of action, for gender discrimination and for retaliation, were based on the federal protections accorded by Title VII of the Civil Rights Act of 1964, 28 U.S.C. § 2000, et seq. On November 9, 2018, however, Plaintiff filed a First Amended Complaint ("FAC") that eliminated any reference to Title VII within either the

1

First and Second Causes of Action and instead purported to base both claims on California's Fair Employment and Housing Act, Cal. Govt. Code § 12940, et seq. ("FEHA"). Significantly, both the caption and the body of both causes of action refer only to state law. Despite the purported abandonment of any federal claim, however, the FAC's Statement of Jurisdiction and Venue still states that she brings "her claims against Defendant FARMERS under Title VII for Gender Discrimination and Retaliation," thereby purporting to confer federal question subject matter jurisdiction on this Court. See FAC, ECF No. 7, pp. 1-2.

In response to the filing of Plaintiff's FAC, Farmers filed a Motion to Dismiss that pleading pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] on grounds that Plaintiff's FEHA claims are all barred by the applicable statute of limitations. Additionally, in apparent recognition of the fact that Plaintiff still seems to point to a federal question in invoking the jurisdiction of this Court, Farmers also claims that any claims under Title VII would also be time-barred. Defs.' Mot., ECF No. 8-1, 10:11-19.

Before reaching the merits of Farmers' Motion to Dismiss, however, the Court must scrutinize the basis for its own jurisdiction. Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The burden of establishing the contrary rests upon the party asserting jurisdiction. Id. Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. United States v. Cotton, 535 U.S. 625, 630 (2002). Accordingly, lack of subject matter jurisdiction may be raised by either party at any point during the litigation, through a motion to dismiss pursuant to Rule 12(b)(1). Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Int'l Union of Operating Eng'rs v. Cnty. of Plumas, 559 F.3d 1041, 1043-44 (9th Cir. 2009). It may also be raised by the district court sua sponte. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). Indeed, "courts have an independent

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." Id.; see Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

In the view of this Court, any jurisdictional allegations contained within the FAC's prefatory statement are subsumed by the body of the complaint itself, and neither the caption nor the body of either disputed cause of action, for discrimination and for retaliation, respectively, contain any reference whatsoever to federal law under Title VII. Since the Court considers the allegations contained in the body of the complaint to be controlling in this regard, that means that the FAC as presently constituted no longer identifies any federal question to which this Court's jurisdiction may attach. Since there is also no indication of any other basis for federal jurisdiction like diversity of citizenship, in the view of the Court the FAC divests it of any jurisdiction over this case.

Absent jurisdiction, it would be improper to consider the merits of Farmers' Motion to Dismiss under 12(b)(6). Instead, the Court sua sponte dismisses this action under Rule 12(b)(1) for lack of subject matter jurisdiction. In view of that dismissal, Farmers' Motion to Dismiss (ECF No. 8) is DENIED as moot.[2] Plaintiff may, should she choose to do so, file a Second Amended Complaint ("SAC") not later than twenty (20) days after the date this Order is electronically filed. Failure to file a SAC within those time parameters will result in dismissal of this matter, without prejudice and without any further notice to the parties.

IT IS SO ORDERED.

Dated: May 9, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument was not deemed to be of material assistance, the Court ordered this matter submitted on the briefing in accordance with E.D. Local Rule 230(g).

3